# NO. 12-11-00063-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MIRANDA N. PHILLIPS, APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

Miranda N. Phillips appeals her conviction for possession of a controlled substance. Appellant's counsel has filed a brief asserting compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

### BACKGROUND

In what appears to have been a joint effort to resolve several prosecutions against Appellant in Angelina County, Appellant agreed in this case to waive her right to be indicted for the offense of possession of a controlled substance. The State then filed an information charging Appellant with that offense along with a joint motion to try her for the lesser included offense of possession of a controlled substance as a misdemeanor. Appellant pleaded guilty to the offense as a class A misdemeanor, and the trial court assessed a sentence of confinement for one year. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*. Counsel states

that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case.  In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal.[1]  *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).

We have considered counsel's brief and have conducted our own independent review of the record.  We found no reversible error.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw.  *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  We are in agreement with Appellant's counsel that the appeal is wholly frivolous.  Accordingly, his motion for leave to withdraw is hereby **granted**, and we **dismiss** this appeal.  *See In re Schulman*, 252 S.W.3d at 408-09 ("After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal.").

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or she must file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408 n.22.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along

---

[1] Counsel for Appellant states in his motion to withdraw that he provided Appellant with a copy of this brief. Appellant was given time to file her own brief in this cause. The time for filing such a brief has expired, and we have received no pro se brief.

with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3.[2] Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered August 24, 2011.
*Panel consisted of Worthen, C.J., Griffith, J, and Hoyle, J.*

(DO NOT PUBLISH)

---

[2] By rule, after September 1, 2011, petitions should be filed directly with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a) (effective September 1, 2011).